# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LEACH LOGISTICS, INC, | Case No. 3:21-cv-00237-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| CF USA GLOBAL HOLDINGS, LLC, d/b/a THE COFFEE CHERRY COMPANY, | |
| Defendant. | |

Defendant CF USA Global Holdings, LLC, doing business as The Coffee Cherry Company ("Coffee Cherry"), removed this case from the Second Judicial District Court of the County of Washoe, Nevada, on May 24, 2021 under 28 U.S.C. § 1332. (ECF No. 1.) District courts have original jurisdiction over civil actions where the matter is between citizens of different states, and where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Although corporations are citizens of any state in which they are incorporated or have their principal place of business, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Here, Defendant asserts that Plaintiff Leach Logistics, Inc., is a Nevada company with its principal place of business in Sparks, Nevada, and that Defendant is a limited liability company with its principal place of business in Seattle, Washington. (ECF No. 1 at 2.) Defendant states that "[c]omplete diversity of citizenship exists between the parties to this action and the amount in controversy is greater than $75.000." (*Id.*) But as "the party asserting diversity jurisdiction[, Coffee Cherry] bears the burden of proof." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001). Based on the Court's review of Defendant's petition for removal and accompanying documents, Defendant has not

met its burden and has not yet identified any members of its LLC or clarify whether those members are citizens of different states than Plaintiff. Therefore, Defendant's petition for removal does not satisfy the diversity of citizenship requirement under 28 U.S.C. § 1332(a).

Moreover, questions exist in this action as to whether the amount in controversy exceeds $75,000. Plaintiff's complaint seeks damages for the amount due on rental of storage spaces for the "months of March and April 2021." (ECF No. 1-2 at 5.) Plaintiff additionally states that Plaintiff issued a written demand to Defendant to remove its product from Plaintiff's facility. (*Id.*) Defendant's petition for removal asserts that Plaintiff will seek rental payments owed of at least $33,984.40, which is approximately three months rent. (ECF No. 1 at 2.) Defendant additionally asserts that the cost of removal and disposal of the "557 pallets of products in question . . . will add $50,000 to the total amount in controversy." (*Id.*) Defendant offers no additional explanation of this amount and is not clear from the face of Plaintiff's complaint or Defendant's petition for removal that the federal jurisdictional threshold is met. Defendant bears the burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). Accordingly, the Court questions whether Defendant has met its burden.

For these reasons stated herein, Defendant will be directed to show cause as to why this action should not be remanded for lack of subject matter jurisdiction. Plaintiff may file a response pursuant to LR 7-2(b).

It is therefore ordered that, within 15 days from the entry of this Order, Defendant shall show cause in writing why this case should not be remanded for lack of subject matter jurisdiction.

DATED THIS 26th Day of May 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

2