UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LEACH LOGISTICS, INC., | Case No. 3:21-cv-00237-MMD-CLB |
| Plaintiff/Counter Defendant, | ORDER |
| v. | |
| CF USA GLOBAL HOLDINGS, LLC, | |
| Defendant/Counter Claimant. | |

**I.   SUMMARY**

Plaintiff Leach Logistics, Inc. filed suit against CF USA, Inc. in Nevada state court for back rent relating to the storage and milling of coffee cherries (the portion of the coffee fruit that is not the coffee bean). (ECF No. 1-2.) CF USA, Inc. removed to this Court and quickly filed an answer and counterclaim alleging that Plaintiff caused the coffee cherries to develop a spicy aroma rendering them unmarketable that began, "Defendant CF USA GLOBAL HOLDINGS, LLC, a Delaware limited liability company dba THE COFFEE CHERRY COMPANY (misnamed and erroneously sued as CF USA, INC. *dba* THE COFFEE CHERRY COMPANY and hereinafter "defendant" or "TCCC")."[1] (ECF Nos. 1, 2.) It turns out that CF USA GLOBAL HOLDINGS, LLC appears not to exist. (ECF No. 48-2.) This order aims to resolve this issue created by Defendant. But this order also addresses several motions pending before the Court: (1) Plaintiff's motion to dismiss counterclaim (ECF No. 18);[2] (2) Plaintiff's motion to strike and for sanctions (ECF No.

---

[1]The Court will simply refer to these entities as Defendant for purposes of this order and for convenience unless the Court needs to distinguish between the various corporate entities, but also notes that fact that there are several entities and confusion on Defendant's side between them as further explained herein.

[2]Defendant filed a response (ECF No. 23) and Plaintiff filed a reply (ECF No. 24).

40);[3] (3) Defendant's motion to amend (ECF No. 49).[4] As further explained below, the Court will deny Plaintiff's motion to dismiss without prejudice as moot, mostly grant Plaintiff's motion to strike and for sanctions, and grant in pertinent part Defendant's motion to amend subject to the Court's rulings on the motion to strike and for sanctions. The Court directs the parties to the conclusion of this order for the next steps in this case.

## II.   BACKGROUND

As noted, Plaintiff sued the entity CF USA, Inc. (ECF No. 1-2) but Defendant stated when it answered and counterclaimed that Plaintiff had erroneously named CF USA, Inc. and accordingly answered and counterclaimed as the entity CF USA GLOBAL HOLDINGS, LLC. (ECF No. 2.) Defendant filed a certificate of interested parties regarding CF USA GLOBAL HOLDINGS, LLC. (ECF No. 8.) Defendant also provided information in response to the Court's order to show cause regarding jurisdiction and related orders about CF USA GLOBAL HOLDINGS, LLC where it specifically explained the membership of the purported LLC for purposes of establishing the Court's diversity jurisdiction over this case.[5] (ECF Nos. 10, 13.)

Plaintiff then moved to dismiss the counterclaim filed by CF USA GLOBAL HOLDINGS, LLC. (ECF No. 18.)[6] Defendant responded to that motion as "CF USA, Inc., dba, The Coffee Cherry Company ("TCCC")." (ECF No. 23 at 1.)

Meanwhile, the parties had started discovery, and Plaintiff sought more information about Defendant's corporate entities. (ECF No. 40 at 2-3.) This led Plaintiff to conclude it had sued the correct entity, CF USA, Inc., a Delaware corporation in good standing, but

---

[3]Defendant filed a response (ECF No. 48) and Plaintiff filed a reply (ECF No. 50).

[4]Plaintiff filed a response (ECF No. 51) and Defendant filed a reply (ECF No. 52).

[5]The Court does not see any evidence suggesting it lacks jurisdiction over this case at this time, but any party is free to bring a motion at any time under Fed. R. Civ. P. 12(b)(1) if it believes the Court lacks jurisdiction over this case in view of what the parties learn about Defendant's entities. *See* Fed. R. Civ. P. 12(h)(3).

[6]Perhaps reflecting the entity confusion that permeates this case, the first page of the motion refers only to The Coffee Cherry Company and not any of the disputed corporate entity names. (ECF No. 18 at 1.)

Defendant introduced confusion in the case by answering and counterclaiming as CF USA GLOBAL HOLDINGS, LLC, an entity that appears not to exist. (*Id.*)

First in an email from Defendant's counsel filed along with Plaintiff's motion to strike and for sanctions (ECF No. 40-16), and then in a declaration from Defendant's President and CEO (ECF No. 48-2), Defendant admitted it had made and then repeated a mistake.

Defendant's President and CEO is named Tom Clemente. (*Id.*) In his declaration, he explains that he was confused and caused Defendant's counsel to submit various documents to the Court with CF USA GLOBAL HOLDINGS, LLC on them—a corporate entity that either does not exist or at least is not implicated here. (*Id.* at 3-4.) He states there is an entity called CF USA Inc. incorporated and in good standing in Delaware. (*Id.* at 3.) He also states that The Coffee Cherry Company's (seemingly a defined term for CF USA, Inc.) parent company is CF Global Holdings, Inc., a holding company organized under the laws of British Columbia, Canada. (*Id.*) Thus, some confusion remains about the corporate entities making up Defendant—and by extension what their relationship with Plaintiff might be.

However, there is no dispute that CF USA GLOBAL HOLDINGS, LLC either does not exist or was at least erroneously named by Defendant, which creates a bit of a procedural mess because this apparently nonexistent entity filed an answer and a counterclaim that Plaintiff moved to dismiss, and the time to amend under the scheduling order has passed—though Defendant is now seeking the Court's leave to file an amended answer and counterclaim. There is also no dispute that Defendant caused this mess, as its President and CEO, and counsel, have admitted. (ECF Nos. 40-16, 48-2.) The Court accordingly seeks to equitably clean up the mess and find a path forward for this case.

**III.   DISCUSSION**

To start, Defendant's mistakes in this case matter because each corporate entity is legally distinct. *See, e.g.*, *Loyd v. Paine Webber, Inc.*, 208 F.3d 755, 758 (9th Cir. 2000) ("A corporation is a distinct legal entity that can sue and be sued separately from its

3

officers, directors, and shareholders.") (citation omitted); *Abraham & Sons Enterprises v. Equilon Enterprises, LLC*, 292 F.3d 958, 962 (9th Cir. 2002) ("Corporations and LLCs are distinct legal entities, separate from their stockholders or members.") (footnote omitted). Defendant's argument that it can somehow sue and be sued as The Coffee Cherry Company—a fictitious business name—is simply incorrect, and Defendant proffers no legal support for it. (ECF No. 48 at 3-4.) *See In re McKay*, 242 F.3d 382 (Table), 2000 WL 1659307 (9th Cir. 2000) ("Use of a fictitious business name does not create a separate legal entity.") (citation omitted); *see also Sweetwater Union High Sch. Dist. v. Julian Union Elementary Sch. Dist.*, 36 Cal. App. 5th 970, 987 (Cal. 2019) ("Use of a fictitious business name[, however,] does not create a separate legal entity") (citation omitted).

Defendant also repeatedly argues that its mistakes are mere 'misnomers' that the Court can correct by ordering correction of the case caption. (ECF No. 48.) Defendant does not provide the Court with legal authority that would allow it to 'correct the caption.' (*Id.*) Defendant relies on 19 Am. Jur. 2d Corps. § 1907[7] for the proposition that a misnomer is not fatal to a petition (ECF No. 48 at 6), but even that secondary source entry also says, "[a] misnomer is fatal only when it is so material and substantial as to indicate a different entity or to produce doubts as to the corporation intended to be sued." 19 Am. Jur. 2d Corps. § 1907 (footnote omitted). That better describes the circumstances here. Defendant erroneously indicated a different corporate entity was the correct one when it filed its answer and counterclaim, and then filed several documents explaining the membership of that entity. Further, Defendant does not dispute that there are potentially several corporate entities involved with Plaintiff, and the incorrect entity name injected into the litigation by Defendant is closer to the purported Canadian holding company than the purported American subsidiary, so the confusion Defendant has created is meaningful and requires correction before this case can proceed. (ECF No. 48-2.) Defendant's errors were not mere misnomers.

---

[7]This is not binding authority in any event.

Here, an entity that apparently does not exist filed an answer and counterclaim, both of which are accordingly legal nullities, and Plaintiff filed a motion to dismiss that counterclaim. (ECF Nos. 2, 18.) The Court will accordingly: (1) strike the answer (ECF No. 2 at 1-7), *see* Fed R. Civ. P. 12(f) (allowing the Court to strike an immaterial or impertinent pleading); (2) dismiss the counterclaim without prejudice (ECF No. 2 at 8-16), *see* Fed. R. Civ. P. 41(b) (allowing the Court to involuntarily dismiss a claim that does not comply with the Federal Rules of Civil Procedure and there is no dispute that CF USA GLOBAL HOLDINGS, LLC for CF USA, Inc. is not the real party in interest under Fed. R. Civ. P. 17), (c) (stating that Fed. R. Civ. P. 41(b) also applies to counterclaims); and (3) deny the pending motion to dismiss without prejudice as moot (ECF No. 18), as Plaintiff therein sought to dismiss a counterclaim that the Court just dismissed.

As noted, Plaintiff moves for a range of sanctions for Defendant's mistakes (ECF No. 40) and Defendant seeks leave to file an amended answer and counterclaim on behalf of the purportedly correct corporate entity that actually exists (ECF No. 49). In general, these two motions set up a tension between the Court's preference in line with the Federal Rules of Civil Procedure and pertinent caselaw to resolve cases on their merits, instead of technicalities, the prejudice Defendant has caused to Plaintiff through its mistakes, and the scheduling order in this case. The Court agrees Plaintiff is entitled to some sanctions here, but not potentially-case dispositive ones, and will set out some next steps calculated to allow the parties to determine the correct Defendant entities to sue and then move this case forward despite the existing scheduling order. *See S. California Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002), *modified on other grounds*, 307 F.3d 943 (9th Cir. 2002), *and certified question answered sub nom. S. California Edison Co. v. Peevey*, 31 Cal. 4th 781 (Cal. 2003) ("District courts have 'inherent power' to control their dockets.") (citation omitted).

///

Defendant is culpable here because Plaintiff appears to have originally sued the correct entity, and Defendant needlessly introduced error into these proceedings. (ECF

5

Nos. 1-2, 2, 48-2.) Moreover, Defendant made a series of inaccurate statements to the Court when the Court was attempting to confirm its jurisdiction over the case. (ECF Nos. 10, 13.) What's more, Defendant did not file a motion for leave to amend until after Plaintiff filed its motion to strike and for sanctions. (ECF Nos. 40, 49.) It is accordingly unclear to the Court that Defendant would have fixed the issues it created without Plaintiff's prompting. Relatedly, Plaintiff would not have had to file its motion to strike and for sanctions if Defendant had never introduced error into this case. And Defendant's attempt to avoid default by filing its motion for leave to amend well after the deadline imposed by the applicable scheduling order and without showing good cause for its delay is sanctionable under Fed. R. Civ. P. 16(f)(1)(C) and (2).

Thus, the Court finds Defendant must compensate Plaintiff for the time Plaintiff spent preparing its motion to strike and for sanctions and responding to Defendant's motion for leave to amend. *See id.*; *see also Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186, (2017) (explaining that a court's inherent power to manage its own docket includes the assessment of attorneys' fees, but that a court "can shift only those attorney's fees incurred because of the misconduct at issue"). The Court directs Plaintiff to submit an affidavit supported by billing records and otherwise compliant with LR 54-14 within 14 days of the date of entry of this order detailing its attorneys' fees and costs incurred in preparing ECF Nos. 40, 50, and 51. Defendant may file a written objection to the reasonableness of Plaintiff's fees and costs affidavit within another 14 days from the date Plaintiff files it. But the Court expects to award Plaintiff its reasonable attorneys' fees and costs incurred in preparing ECF Nos. 40, 50, and 51 as a sanction for Defendants' mistakes in this case up to this point.

However, Plaintiff also asks the Court to sanction Defendant by entering a default against CF USA, Inc., denying Defendant's motion for leave to amend, and prohibiting Defendant from ever attempting to amend later in this case. (ECF Nos. 50 at 5-8, 51.) The Court finds that those requested sanctions would be too harsh. Rule 1 tells the Court that it should construe the Federal Rules to secure the just, speedy, and inexpensive

resolution of cases, and Rule 15 tells the Court it should freely grant leave to amend when justice so requires. Those interests are best served by letting this case proceed towards a resolution on the merits of the parties' dispute without further delay. The Court will accordingly grant Defendant leave to file an amended answer and potential counterclaim[8] on behalf of a corporate entity who can actually sue or be sued as further specified in the conclusion section of this order. Defendant's motion for leave to amend is accordingly granted in part as specified in the conclusion section below—and otherwise denied.

That said, the Court agrees with Plaintiff that Clemente's declaration raises nearly as many questions as it answers. (ECF No. 51 at 4.) Even Clemente still appears confused about the relationship between the various corporate entities he is in charge of and which of those entities had a relationship with Plaintiff that would allow the parties to reach some sort of resolution regarding the allegedly ruined coffee cherries and unpaid rent that form the basis of this dispute. (ECF No. 48-2.) For example, "The Coffee Cherry Company" is a fictitious business name, so its corporate parent cannot be CF Global Holdings, Inc., as Clemente states. (*Id.* at 3.) But it is possible Clemente is defining CF USA, Inc. as The Coffee Cherry Company (*id.*), and therefore stating CF USA, Inc.'s corporate parent is CF Global Holdings, Inc. The Court cannot definitely say, and that is the issue. Clemente also does not unequivocally state that CF USA Global Holdings, LLC does not exist, though that appears to be the implication. (*Id.* at 3-4.) Moreover, Clemente's declaration conflicts to some degree with the information in the certificate of interested parties and documents filed in response to the Court's earlier order to show cause. (ECF Nos. 8, 10, 13.) And Clemente's declaration does not state what entity or entities had a relationship with Plaintiff, though it appears that CF USA, Inc. was the entity that did. (ECF No. 48-2.)

In sum, given that Clemente's declaration has not totally resolved the corporate entity confusion that has made a mess of this case, Plaintiff's proposal that it be given an opportunity to conduct limited entity discovery before this case proceeds is a reasonable

---

[8]Defendant could, of course, choose not to assert one.

additional sanction. (ECF No. 51 at 18.) The next steps outlined in the conclusion incorporate this suggestion from Plaintiff for the most part. The Court encourages the parties to begin working together to bring this case towards resolution on the merits. Plaintiff's motion to strike and for sanctions is accordingly granted in part, and denied in part, as specified herein and below.

**IV. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court. The Court also notes that Plaintiff requested oral argument (ECF No. 51 at 1), but the Court denies that request as it finds oral argument unnecessary. *See* LR 78-1 ("All motions may be considered and decided with or without a hearing.").

It is therefore ordered that Counter Defendant Leach Logistics, Inc.'s motion to dismiss (ECF No. 18) is denied without prejudice as moot.

It is further ordered that Plaintiff and Counter Defendant Leach Logistics, Inc.'s motion to strike and for sanctions (ECF No. 40) is granted in part and denied in part.

The Clerk of Court is directed to strike Defendant's answer (ECF No. 2 at 1-7).

It is further ordered that Defendant's counterclaim (ECF No. 2 at 8-16) is dismissed without prejudice.

It is further ordered that Plaintiff must file an affidavit supported by billing records and otherwise compliant with LR 54-14 within 14 days of the date of entry of this order detailing its attorneys' fees and costs incurred in preparing ECF Nos. 40, 50, and 51.

It is further ordered that Defendant may file a written objection to the reasonableness of Plaintiff's fees and costs affidavit within another 14 days from the date Plaintiff files it.

It is further ordered that this case is otherwise—except for the attorneys' fees process specified above—stayed for 45 days from the date of entry of this order to allow

Plaintiff to conduct entity discovery. Plaintiff may submit written discovery to Defendant and take depositions of the principals of all of the entities mentioned in Clemente's declaration (ECF No. 48-2). The Court directs Defendant to participate in this entity discovery in good faith. If CF USA Global Holdings, LLC does not exist, Defendant must file a sworn declaration clearly stating as such as an 'errata' on the docket.

It is further ordered that the Court refers any disputes that arise during or because of this entity discovery period to United States Magistrate Judge Carla L. Baldwin. All discovery motions must comply with the pertinent Local Rules.

It is further ordered that, 45 days from the date of entry of this order, Plaintiff must either file an amended complaint naming the appropriate entities it has discovered during the entity discovery period or a written notice stating it wishes to proceed on its Complaint (ECF No. 1-2).

It is further ordered that Defendant may file an amended answer and potentially a counterclaim naming an appropriate corporate entity or entities (who may sue and be sued and had a relationship with Plaintiff) within 21 days of Plaintiff's filing of either its amended complaint or written notice stating it wishes to proceed on its original Complaint.

It is further ordered that Defendant's motion for leave to amend (ECF No. 49) is granted in part as specified herein and otherwise denied.

It is further ordered that the parties must jointly submit a proposed, revised scheduling order within seven days of the day Defendant files its amended answer. The Court refers consideration of this proposed, revised scheduling order to Judge Baldwin as well.

DATED THIS 28th Day of February 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE