UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LEACH LOGISTICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CF USA GLOBAL HOLDINGS, LLC, <br><br> Defendant. | Case No. 3:21-cv-00237-MMD-CLB <br><br> ORDER |

Plaintiff and Counter Defendant Leach Logistics, Inc. filed suit against CF USA, Inc. in Nevada state court for back rent relating to the storage and milling of coffee cherries (the portion of the coffee fruit that is not the coffee bean). (ECF No. 1-2.) CF USA, Inc. removed to this Court and quickly filed an answer and counterclaim alleging that Plaintiff caused the coffee cherries to develop a spicy aroma rendering them unmarketable that began, "Defendant CF USA GLOBAL HOLDINGS, LLC, a Delaware limited liability company dba THE COFFEE CHERRY COMPANY (misnamed and erroneously sued as CF USA, INC. *dba* THE COFFEE CHERRY COMPANY and hereinafter "defendant" or "TCCC")."[1] (ECF Nos. 1, 2.) But it turns out that CF USA GLOBAL HOLDINGS, LLC does not exist. (ECF Nos. 48-2, 73.) The Court resolved various issues stemming from Defendant's error and directed the parties to complete an entity discovery period, as even Defendant appeared confused about its corporate

---

[1] The Court will simply refer to these entities as Defendant for purposes of this order and for convenience but reiterates the fact that there was and apparently is confusion on Defendant's side about Defendant's corporate entities has been the predominant issue in this case up to this point.

structure. (ECF No. 57 ("Prior Order").)[2] Upon completion of the entity discovery period,[3] the parties filed the two motions now pending before the Court: (1) Plaintiff's motion for default judgment and to deem the dismissal of the counterclaim to be with prejudice (ECF No. 71 ("Motion"));[4] and (2) Defendant's motion to strike Plaintiff's Motion (ECF No. 76).[5] United States Magistrate Judge Carla L. Baldwin stayed the deadline for Plaintiff to file an amended complaint until the Court resolves the pending motions. (ECF No. 81.) As further explained below, while the Court clarifies that 'new answer' would have been clearer than 'amended answer' in the Prior Order, the Court will deny Plaintiff's motion as unsupported and overreaching, and accordingly deny Defendant's motion as moot.

As the Court stated therein, the purpose of the Prior Order was to "set out some next steps calculated to allow the parties to determine the correct Defendant entities to sue and then move this case forward despite the existing scheduling order." (ECF No. 57 at 5.) Read in that context, the importance Plaintiff places on the phrase 'amended answer' in its Motion is an overreach. (ECF No. 71 at 2, 8, 15-17 (repeatedly making the point that "Defendant sought leave to amend that which cannot be amended – a legal nullity").) Plaintiff is technically correct, of course, but even Plaintiff otherwise acknowledges in its Motion that the Court meant 'new answer' by characterizing the ability the Court gave Defendant in the Prior Order as the ability to enter a 'late appearance.' (*Id.* at 5.) And the Court otherwise provided in the Prior Order that it expected Plaintiff to either file an amended complaint, or not, and then Defendant would file an answer to that complaint. (ECF No. 57 at 8-9.) That is still what the Court expects the parties to do.

Moreover, Plaintiff does not really reveal that what it seeks is reconsideration of the Prior Order until its reply brief. (*Compare* ECF No. 71 at 8 (arguing it would be

---

[2]The Court also awarded Plaintiff compensatory fees and costs as a sanction for the issues Defendant's unforced error introduced into this case. (ECF Nos. 57 at 5-6, 62 (awarding fees and costs).)

[3]It was extended several times. (ECF No. 70.)

[4]Defendant responded (ECF No. 74), Plaintiff replied (ECF No. 80).

[5]Plaintiff responded (ECF No. 79), Defendant replied (ECF No. 82).

appropriate for the Court to reconsider its decision once, in passing, without citing the reconsideration standard) *with* ECF No. 80 at 3 (attempting to characterize its Motion as one for reconsideration, this time with the legal standard).) If Plaintiff sought reconsideration, it should have filed a motion for reconsideration instead of the Motion, as raising new arguments in reply briefs is generally disfavored. *See, e.g.*, *Ironshore Indem. Inc. v. Kay*, Case No. 2:21-cv-01706-JAD-BNW, --- F. Supp. 3d ----, 2022 WL 4329790, at *7 n.60 (D. Nev. Sept. 16, 2022) ("Issues raised for the first time in a reply brief are typically waived.") (citation omitted).

But perhaps more importantly, Plaintiff does not mention in its Motion that the Court awarded it over 12 thousand dollars in sanctions against Defendant for the same type of sloppy work or obfuscation it complains about in the Motion—that Defendant does not seem to know which corporate entity it is, or how its related corporate entities interact. (ECF Nos. 57, 62.) Thus, Plaintiff's Motion overlooks the fact that is has already received a remedy for Defendant's misconduct. Entering a default against CF USA, Inc. and somehow blocking CF USA, Inc. or its related entities from ever filing a counterclaim would be an additional remedy requiring additional justification.[6]

That said, Plaintiff does provide some additional justification. In gist, Plaintiff argues that Defendant appears increasingly confused about the relationships between the entities somehow involved with the coffee cherries at Plaintiff's facility as this case proceeds, so much so that Plaintiff infers Defendant is acting in bad faith—and this confusion has only deepened during the entity discovery period. (ECF No. 71 at 9-11.) It is indeed incredible that Defendant and its counsel did not appear to know who owns the coffee cherries at issue on June 8, 2022. (*Id.* at 11; *see also* ECF No. 71-6 at 2 ("Our position is that CF USA, Inc. was intended to own the property, but that CF Global Holdings might directly have some ownership in the property.").) This is especially the case because Defendant filed the now-stricken counterclaim that depends on ownership of the coffee cherries on May 21, 2021. (ECF No. 2.) And perhaps even more so because,

---

[6]Plaintiff is also not precluded from moving to dismiss any future counterclaims.

as Plaintiff points out (ECF No. 71 at 11), these statements contradict statements Defendant's counsel made earlier in this case.

However, as noted, Plaintiff has already been compensated—at least to some extent—for Defendant's errors, and the Court still finds that equity favors proceeding as contemplated in the Prior Order. And as also noted in the Prior Order, equity also favors resolving disputes like this one on their merits. Now that the entity discovery period has closed, Plaintiff may either file an amended complaint or stand on its original complaint within seven days per Judge Baldwin's order. (ECF No. 81.) As Judge Baldwin notes, then the remaining deadlines in the Prior Order kick back in. (*Id.*; *see also* ECF No. 57 at 9.) For avoidance of doubt, any answer to any amended complaint Plaintiff files would be a new answer as the Court struck Defendant's first answer and counterclaim.

In sum, Plaintiff's Motion is denied. Defendant's motion to strike (ECF No. 76) is accordingly denied as moot.

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Plaintiff's motion for default judgment and to deem the dismissal of the counterclaim to be with prejudice (ECF No. 71) is denied.

It is further ordered that Defendant's motion to strike (ECF No. 76) is denied as moot.

DATED THIS 17th Day of November 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE